## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ARVEL GURGANUS**                                  **CIVIL ACTION**

**versus**                                          **NO. 08-1082**

**N. BURL CAIN, WARDEN,**                           **SECTION: "I" (6)**
**LOUISIANA STATE PENITENTIARY**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Arvel Gurganus, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On January 9, 2003, he was convicted of second-degree murder in violation of Louisiana law.[2]  On May 19, 2003, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[3]  On December 30, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction.[4]  The Louisiana Supreme Court then denied his related writ application on June 4, 2004.[5]

On May 31, 2005, petitioner, though counsel, filed with the state district court an application for post-conviction relief,[6] which was later supplemented on March 22, 2006.[7]  That application and supplemental application were denied on July 13, 2006.[8]  Petitioner's related writ

---

[2] State Rec., Vol. VII of VIII, transcript of January 9, 2003, p. 9; State Rec., Vol. I of VIII, minute entry dated January 9, 2003.

[3] State Rec., Vol. VII of VIII, transcript of May 19, 2003, p. 5; State Rec., Vol. II of VIII, minute entry dated May 19, 2003.

[4] State v. Gurganus, 864 So.2d 771 (La. App. 5th Cir. 2003) (No. 03-KA-992); State Rec., Vol. II of VIII.

[5] State v. Gurganus, 876 So.2d 75 (La. 2004) (No. 2004-K-0254); State Rec., Vol. II of VIII.

[6] State Rec., Vol. IV of VIII.

[7] State Rec., Vol. V of VIII.

[8] State Rec., Vol. V of VIII, Order dated July 13, 2006.

applications were then denied by the Louisiana Fifth Circuit Court of Appeal on October 17, 2006,[9] and by the Louisiana Supreme Court on June 1, 2007.[10]

On February 21, 2008, petitioner, through counsel, filed the instant federal application for *habeas corpus* relief.  The state contends that petitioner's federal application is untimely.[11]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[12]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on June 4, 2004.  Therefore, under § 2244(d)(1)(A), his conviction became "final" ninety (90) days later, i.e. on September 2, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).  Accordingly,

---

[9]  State v. Gurganus, No. 06-KH-672 (La. App. 5th Cir. Oct. 17, 2006) (unpublished); State Rec., Vol. V of VIII.

[10]  State v. Gurganus, 957 So.2d 173 (La. 2007) (No. 2006-KP-2655); State Rec., Vol. V of VIII.

[11]  Rec. Doc. 8.

[12]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.[13]

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

In the instant case, two hundred seventy (270) days of the federal limitations period elapsed prior to being tolled on May 31, 2005, by the filing of petitioner's state post-conviction application.  Although that application was denied, tolling continued uninterrupted through the appellate process, so long as appellate review was sought in a timely manner.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004).  Assuming that petitioner's related writ applications were timely filed,[14] the Court finds that tolling continued in this case until the Louisiana Supreme Court denied relief on June 1, 2007.[15]  At that point, petitioner then had ninety-five (95) days of the limitations period remaining, meaning that his federal limitations period expired on September 4, 2007, unless that deadline was again extended by additional tolling.

---

[13] To the extent that petitioner contends that the AEDPA's statute of limitations did not commence until the conclusion of direct review of the denial of his state post-conviction application, such an argument is clearly incorrect.  Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

[14] The state does not argue that the appellate filings were untimely.

[15] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999).

Petitioner had no state applications for post-conviction relief or other collateral review pending at any time during the period from June 2, 2007, through September 4, 2007. Accordingly, he clearly was not entitled to further statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before September 4, 2007, in order to be timely.  Petitioner's federal application was not filed until February 21, 2008, and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Arvel Gurganus be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____10th_____ day of September, 2008.


_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE