UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ARVEL GURGANUS                                                    CIVIL ACTION

VERSUS                                                            No. 08-1082

WARDEN BURL CAIN                                                  SECTION I/6


## ORDER AND REASONS

Before the Court is a motion for relief from judgment filed by petitioner, Arvel Gurganus. For the following reasons, the motion is **DENIED**.

### BACKGROUND

On February 21, 2008, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On September 10, 2009, the U.S. Magistrate Judge issued a report and recommendation recommending that petitioner's § 2254 petition be dismissed as untimely.[2] The U.S. Magistrate Judge's report ordered that any objection to the report should be filed within ten days after the party was served with the report.[3] No party filed an objection and this Court adopted the report and recommendation and issued a final judgment on September 30, 2008.[4]

On May 12, 2010, petitioner sent a letter to this Court requesting that the Court vacate its September 30, 2008 order and allow petitioner an extension of time to file objections to the report and recommendations. Petitioner alleges that his counsel informed him that he would file objections to the report and recommendation, but that his counsel failed to do so. Petitioner

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 9.
[3] R. Doc. No. 9, p. 6.
[4] R. Doc. Nos. 10-11.

1

alleges that he only learned of his counsel's failure to file objections to the report and recommendation on May 5, 2010.

## *STANDARD OF LAW*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer*, No. 97-890, 1997 WL 731945, at *1 (E.D.La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight[5] days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight] days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *Lavespere*, 910 F.2d at 174. Petitioner's motion was mailed on May 12, 2010; petitioner's motion seeks relief from a judgment that was entered on September 30, 2008. Accordingly, the motion was received more than a year after the entry of judgment and a Rule 60(b) analysis is appropriate.

"Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257,

---

[5] On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed. R. Civ. P. 59(e).

258 (5th Cir. 1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Petitioner failed to bring this motion to the Court's attention within the one-year time frame required by Rule 60(b)(1)-(3). Accordingly, petitioner's only avenue for relief is pursuant to Rule 60(b)(6).

"Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for 'any other reason justifying relief from the operation of the judgment.'" *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (quoting Fed. R. Civ. P. 60(b)(6)). "[C]lause (6) is a grand

3

reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989) However, Rule 60(b)(6) motions will be granted "only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

## *DISCUSSION*

Petitioner seeks relief from the judgment to allow him to file objections to the U.S. Magistrate's report and recommendation. Petitioner alleges that his counsel informed him that objections would be filed, but that his counsel failed to file such objections or notify petitioner of same. Petitioner also alleges that members of his family repeatedly attempted to contact counsel's office for an update concerning this matter and they were repeatedly told that there was "no new news." In support of his allegations, petitioner provided the privileged mail logs for the last three years which reveal that he received no privileged correspondence from July 15, 2008, to May 5, 2010.

Although courts in some circumstances have found that an attorney's gross negligence can qualify for relief under Rule 60(b)(6), *see Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004), petitioner has not met his burden of proof to demonstrate that the requisite extraordinary circumstances exist so as to warrant relief. While petitioner alleges that his family relied on the representations of counsel with respect to the status of the case, petitioner has made no allegations that he or his family took any steps to independently verify the status of his petition between July, 2008, and May, 2010. Further, petitioner has provided nothing other than his own unsworn letter to substantiate his allegations concerning the communications between his counsel's office and his family. Finally, despite petitioner's request to set aside the judgment and allow petitioner to object to the U.S. Magistrate Judge's finding that petitioner's § 2254 application

was untimely, petitioner has not alleged any legal or factual basis that would support such an objection. Because petitioner has not provided sufficient evidence concerning his counsel's alleged failure to file objections nor provided any basis for the Court to find that he was prejudiced by such alleged failure, the Court finds that petitioner has failed to meet his burden. Accordingly,

**IT IS ORDERED** that petitioner's motion is **DENIED**.

New Orleans, Louisiana, May 17, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**